**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                              No. 96-4504

CARLTON C. SHANNON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-95-230)

Submitted: April 8, 1997

Decided: April 24, 1997

Before MURNAGHAN and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Wells Dickson, Jr., LAW OFFICES OF G. WELLS DICKSON,
JR., Kingstree, South Carolina, for Appellant. Alfred William
Walker
Bethea, Assistant United States Attorney, Florence, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to a guilty plea, Carlton C. Shannon was convicted of one
count of conspiracy to possess with intent to distribute and to
distrib-
ute marijuana in violation of 21 U.S.C. § 846 (1994) and 18 U.S.C.
§ 2 (1994). Shannon's counsel has filed a brief pursuant to Anders
v.
California, 386 U.S. 738 (1967), challenging whether the district
court erred in denying Shannon's motion for a downward departure
from the Sentencing Guidelines* based on reduced mental capacity.
Finding no error, we affirm.

Shannon was a member of a loosely-knit conspiracy which distrib-
uted marijuana in the Myrtle Beach, South Carolina, area, and he
was
apprehended during a sting operation after he agreed to sell twenty
pounds of marijuana to a Government informant. Prior to sentencing,
Shannon made a motion for downward departure due to his reduced
mental capacity at the time of the offenses, claiming that he was
suf-
fering from post-traumatic stress disorder caused by his service as
an
infantryman in Vietnam. After hearing evidence from both sides, the
district court denied the motion.

Where the district court recognizes that it has the authority to
grant
a motion for downward departure, its refusal to do so is not
review-
able. United States v. Bayerle, 898 F.2d 28, 29-31 (4th Cir. 1990).
We
have examined the entire record in this case in accordance with the
requirements of Anders, and find no meritorious issues for appeal.
The court requires that counsel inform his client, in writing, of
his
right to petition the Supreme Court of the United States for
further
review. If the client requests that a petition be filed, but
counsel
believes that such a petition would be frivolous, then counsel may

_____
*United States Sentencing Commission, Guidelines Manual (Nov.
1995).

2

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm the district court's judgment order. We dispense with oral argument because the facts and legal contentions are adequately
presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3